IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DANIELLE CARNE,

       Plaintiff,

    v.                               Case No. 18-CV-0818

JAMES J. DALEY,

       Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, James J. Daley, by his undersigned counsel, answers the Complaint as follows:

1. Defendant ADMITS only that Plaintiff purports to bring this action under 42 U.S.C. § 1983 alleging violations of the First and Fourteenth Amendments to the United States Constitution; DENIES remaining allegations in paragraph 1.

2. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore DENIES.

3. Defendants ADMIT the first sentence in Paragraph 3. The remaining allegations constitute a legal conclusion to which a response is not required. If a response is required Defendant ADMITS he was acting at all

times within the scope of his employment and under color of state law, but DENIES any wrongdoing, intentional or otherwise.

4.     Defendant ADMITS the jurisdictional allegations in Paragraph 4.

5.     Defendant ADMITS the venue allegations in Paragraph 5.

6.     Defendant ADMITS the allegations in Paragraph 6.

7.     Defendant ADMITS only that Paragraph 7 roughly outlines the scope of WERC's activities; DENIES said allegations set forth a complete and accurate summation of the scope of WERC's activities and statutory authority.

8.     Defendant ADMITS only that 2010 Wis. Act 10 limited the collective bargaining rights of public sector employees, which, in turn, affected WERC's workload; DENIES remaining allegations.

9.     Defendant ADMITS the allegations in paragraph 9.

10.     Defendant ADMITS only that at some point, Plaintiff received an offer of employment from OSER. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore DENIES.

11.     Defendant ADMITS only that Paragraph 11 roughly outlines the activities of OSER; DENIES Paragraph 11 fully and accurately sets forth the scope of the agency's activities and statutory authority.

12.     Defendant DENIES that Paragraph 12 fully and accurately summarizes the complex set of laws and regulations governing public sector employment in the State of Wisconsin and DENIES the remaining allegations.

13.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore DENIES.

14.     Defendant ADMITS only that Carne began working as Chief Legal Counsel for OSER sometime in 2013. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore DENIES.

15.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore DENIES.

16.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore DENIES.

17.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore DENIES.

18.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore DENIES.

19.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 19 concerning Plaintiff's involvement in the development and implementation of Act 150 and therefore DENIES. Defendant ADMITS only that Act 150 "proposed a significant overhaul of the State's civil service system" and DENIES that the remaining allegations in Paragraph 19 completely and accurately summarize the scope and effect of Act 150.

20.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore DENIES.

21.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore DENIES.

22.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore DENIES.

23.     Defendant ADMITS only those allegations concerning the dates Act 150 was introduced before the Senate and Assembly; Defendant lacks

4

knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore DENIES.

24.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore DENIES.

25.    Defendant ADMITS the allegations in Paragraph 25.

26.    Defendant ADMITS the allegations in Paragraph 26.

27.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning what third parties may or may not have told Plaintiff and therefore DENIES the same. Defendant ADMITS only that he raised procedural objections to Plaintiff's re-hiring at WERC and DENIES all remaining allegations.

28.-31. Responding to Paragraphs 28-31, Defendant ADMITS only that several newspapers ran stories and editorials critical of Act 150. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 28-31 and therefore DENIES the same.

32.    Defendant ADMITS only that he personally knew Plaintiff was formerly employed in the State's personnel office and that he vaguely recalls some discussion of the identity of the source for the aforementioned newspaper articles; Defendant lacks knowledge and information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore DENIES the same.

33.     Defendant ADMITS only that the 2017 – 19 Biennial Budget Bill was introduced in January 2017 and that Paragraph 33 generally describes some of the changes incorporated in the proposed legislation; DENIES that Paragraph 33 accurately and completely summarizes the contents of said legislation.

34-38.     In response to the allegations in Paragraph 34-38, Defendant ADMITS only that Plaintiff initiated discussions within WERC as to proposed restructuring of positions and prepared a layoff plan; DENIES said layoff plan was properly presented to the Commission or the Department of Administration. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 34-38 and therefore DENIES.

39.     Defendant ADMITS only that the Legislative Fiscal Bureau issued a report on May 1, 2017 concerning the effects of the 2017-19 Biennial Budget Bill on WERC; DENIES that Paragraph 39 accurately and completely sets forth the full content of said report and further DENIES that the predictions contained in the report concerning WERC workload and staffing were accurate; DENIES any remaining allegations.

40.     Defendant ADMITS the allegations in Paragraph 40 but AFFIRMATIVELY ALLEGES he was relying on Chairman Scott's evaluation of WERC resources and workload.

41.     Defendant ADMITS only that the Budget Bill, if passed, would result in the creation of a single full-time Commissioner for WERC and that the identity of said Commissioner was not public knowledge; DENIES remaining allegations.

42.     Defendant ADMITS only that DPM did not approve the layoff plan; lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and DENIES the same.

43.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore DENIES the same.

44.     Defendant DENIES the allegations in Paragraph 44 and AFFIRMATIVELY ALLEGES he attempted to speak with Plaintiff, but was ignored.

45.     Defendant lacks knowledge and information sufficient to form a belief as to what Scott may or may not have said to Carne and therefore DENIES the same. Defendant further DENIES the truth of the statement purportedly made by Scott.

7

46.    In response to the allegations in Paragraph 46, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning what "WERC staff" concluded and therefore DENIES the same. Defendant further DENIES that any alleged layoff plan agreed to by staff was consistent with governing legal requirements—namely, approval by the Commission and Department of Administration.

47.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore DENIES.

48.    In response to the allegations in Paragraph 48, Defendant ADMITS only to indicating that Plaintiff's actions in attempting to push through a layoff plan without approval of the Commission or Department of Administration "had done a lot of damage up at the Governor's office." Defendant DENIES mentioning Carne by name in conversations with the Governor's office and DENIES any remaining allegations.

49.    In response to the allegations in Paragraph 49, Defendant ADMITS only that Hanson resigned and accepted a position at the Department of Justice in August 2017; DENIES remaining allegations.

50.    In response to the allegations in Paragraph 50, Defendant ADMITS only that an event was held on August 29, 2017 to mark the departure of Hanson and that Defendant left the event to avoid interaction

with Scott; DENIES Defendant's departure had anything to do with Carne and DENIES remaining allegations.

51.    In response to Paragraph 51, Defendant lacks knowledge and information sufficient to form a belief as to what Scott may or may not have said to Carne and therefore DENIES the same. Defendant further DENIES the truth of the statement purportedly made by Scott.

52.    In response to Paragraph 52, Defendant ADMITS only to having a conversation with Davis concerning Davis' future plans and various potential options available to Defendant; DENIES remaining allegations.

53.    In response to Paragraph 53, Defendant ADMITS only to having stated that he "did not trust" Plaintiff's decision-making, particularly in light of her conduct surrounding the unapproved voluntary layoff plan. Defendant lacks knowledge and information sufficient to form a belief as to what Scott may or may not have said to Plaintiff and therefore DENIES the same. Defendant further DENIES the truth of the statement purportedly made by Scott relating to Plaintiff's "political persuasion."

54.    Defendant lacks knowledge and information sufficient to form a belief as to what Scott may or may not have said to Plaintiff and therefore DENIES the same. Defendant further DENIES the truth of the statement purportedly made by Scott relating to Defendant's view of Plaintiff's political persuasion. Defendants ADMITS only to raising issues concerning Plaintiff's

work performance and professional judgment and DENIES any remaining allegations.

55.    Defendant ADMITS only that the 2017-19 Budget Bill was signed into law, which resulted in the described changes to the structure of WERC. Defendant DENIES that "the Budget Bill did not necessitate layoffs."

56.    Defendant ADMITS.

57.    Defendant ADMITS only that Plaintiff ignored greetings from Defendant, closed herself in her office when Defendant was present, and made no effort to speak to Defendant. Defendant DENIES any remaining allegations.

58.    Defendant ADMITS appearing before the Senate Committee on Labor and Regulatory Reform and providing testimony; DENIES the quoted portions fully and accurately set forth his entire testimony and AFFIRMATIVELY ALLEGES he indicated that WERC was "*more than capable*" of handling current caseload and that staffing was "*more than adequate.*" Defendant DENIES any allegations or inferences inconsistent with his testimony as a whole.

59.    Defendant ADMITS only that he did not announce any intention to make cuts at WERC; DENIES stating that staffing was "appropriate," as his testimony indicated his belief that the agency was capable of handling current workload and may be overstaffed.

60.    Defendant lacks information and knowledge sufficient to form a belief as to what Plaintiff means by "active cases" and "roughly even" and therefore DENIES the allegations in Paragraph 60.

61.    Defendant ADMITS the allegations in Paragraph 61, but AFFIRMATIVELY ALLEGES that the assignments were based on legitimate management factors and not for any impermissible reason.

62.    In response to the allegations in Paragraph 62, Defendant ADMITS only to assigning cases, regardless of perceived "desirability," based on seniority and workload; DENIES remaining allegations.

63.    Defendant DENIES Paragraph 63 accurately sets forth the process for determining arbitration panels following Defendant's appointment as WERC Chairman; ALLEGES that lists for such panels were generated randomly and were required to contain an odd number of names. Defendant DENIES removing Plaintiff's name from the potential list of arbitrators until shortly before her layoff became effective. DENIES remaining allegations.

64.    Defendant ADMITS only that Plaintiff, Defendant, Davis, and Jones were available as potential arbitrators. Defendant DENIES Carne's name was removed from lists of potential arbitrators until shortly before her layoff became effective and AFFIRMATIVELY ALLEGES that lists of odd-numbered potential arbitrators were randomly generated. DENIES remaining allegations.

11

65.    Defendant DENIES directing Plaintiff's name be removed from list of potential arbitrators. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 and therefore DENIES.

66.    Defendant ADMITS the allegations in Paragraph 66.

67.    Defendant ADMITS the allegations in Paragraph 67.

68.    Defendant ADMITS only that the decision was made in the fall of 2017 to lay off Plaintiff from her position with WERC and that a written layoff plan was presented to and approved by DPM. Defendant AFFIRMATIVELY ALLEGES that the content of the written plan and data incorporated therein speaks for itself and DENIES any allegations, characterizations, or interpretations of said document that are inconsistent with the express text thereof. Defendant AFFIRMATIVELY ALLEGES that, consistent with the content of the layoff plan, WERC staff attorneys were being underutilized, which was expressly recognized by Plaintiff in an October, 11, 2017 e-mail requesting a reduction in status to .75 FTE. Defendant DENIES any remaining allegations in Paragraph 68.

69.    In response to Paragraph 69, Defendant ADMITS only that drafts of the layoff plan were exchanged with DPM and editorial changes were made. Defendant DENIES any allegation concerning the content or effect of such changes that are inconsistent with the express text of the referenced drafts.

Defendant DENIES the final layoff plan did not meet existing legal requirements and DENIES all remaining allegations.

70. Defendant ADMITS the allegations in paragraph 70.

71. Defendant DENIES the allegations in paragraph 71.

72. Defendant DENIES the allegations in Paragraph 72 and specifically DENIES Plaintiff's perceived political affiliation had any bearing on the decision concerning her layoff.

73. Defendant re-alleges and incorporates by reference all responses to the preceding paragraphs as if set forth in full herein.

74-76. Defendant DENIES the allegations in Paragraphs 74-76.

77. Defendant re-alleges and incorporates by reference all responses to the preceding paragraphs as if set forth in full herein.

78-81. Defendant DENIES the allegations in Paragraphs 78-81.

82. Defendant re-alleges and incorporates by reference all responses to the preceding paragraphs as if set forth in full herein.

83.-84. Defendant DENIES the allegations in Paragraphs 83-84.

85. Defendant further DENIES Plaintiff is entitled to any of the relief requested.

86. Defendant further DENIES any allegation not set explicitly admitted above.

## AFFIRMATIVE DEFENSES

1. All or portions of Plaintiff's complaint fail to state a claim upon which relief can be granted.

2. Defendant's actions were taken for legitimate, non-discriminatory reasons, and not for any unlawful reason.

3. Defendant is entitled to qualified immunity.

4. Plaintiff failed to mitigate her damages.

WHEREFORE, Defendant respectfully requests that the Court enter judgment dismissing the Complaint on the merits, with an award of its costs and fees as allowed by law, and any other relief the Court deems just and equitable.

Dated: December 3, 2018.

Respectfully submitted,

BRAD D. SCHIMEL
Attorney General of Wisconsin


s/ Timothy M. Barber
TIMOTHY M. BARBER
Assistant Attorney General
State Bar #1036507


KATHERINE D. SPITZ
Assistant Attorney General
State Bar #1066375

Attorneys for Defendant James J. Daley

14

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7234
(608) 267-8906 (Fax)
barbertm@doj.state.wi.us