IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DANIELLE CARNE,

                Plaintiff,              OPINION AND ORDER

v.

                                            18-cv-818-wmc

JAMES J. DALEY,

                Defendant.

This case is set for a jury trial, commencing on February 3, 2020. In advance of the final pretrial conference ("FPTC") scheduled for January 24, the court issues the following opinion and order on the parties' respective motions *in limine* ("MILs").

OPINION

I. Plaintiff's Motions *in Limine* (dkt. #54)

A. MIL No. 1: exclude any evidence or testimony that Carne failed to follow instructions from her former supervisor Peter Davis

In this motion, plaintiff seeks to exclude any evidence or testimony that Carne failed to follow instructions from her former supervisor Peter Davis, including his request that she take shorter lunchbreaks. Plaintiff argues that this evidence is not relevant because Davis was not her supervisor at that time of her layoff. In response to this motion, and other motions similarly raising concerns about evidence reflecting on her work performance (namely, motions 2, 3, 9 and 10 as it relates to liability), defendant contends that if plaintiff opens the door by introducing evidence and testimony about her strong work performance, and, specifically, her superior work performance as compared to co-worker Raleigh Jones, then defendant should be able to present evidence reflecting poor

performance.

While this response appears reasonable on its face, evidence of plaintiff's performance generally, whether positive or negative, would *otherwise* appear to be of limited relevance given defendant's general position (at least at summary judgment) that plaintiff was *not* laid off because of performance concerns, but rather that she was selected for layoff because of her lack of seniority. Accordingly, the court will RESERVE on this motion, as well as the other motions touching on plaintiff's job performance for further discussion at the final pretrial conference.

### B. MIL No. 2: exclude any evidence or testimony that Carne took unusually long lunchbreaks

As alluded to above, the court will RESERVE on this motion.

### C. MIL No. 3: exclude any evidence or testimony that Carne was uncooperative

In this motion, plaintiff seeks to exclude evidence or testimony that Carne refused to help count ballots in a Racine election. As alluded to above, the court will RESERVE on this motion.

### D. MIL No. 4: exclude any evidence or testimony of morale under Chairman Scott

Plaintiff seeks to exclude any evidence or testimony about the morale of the office under Chairman Scott, who preceded defendant Daley in that role. Plaintiff contends that this evidence is irrelevant to the issues in this case, and even if relevant, co-worker Dawn Clark lacks the foundation to testify about morale generally, other than her own.

In response, defendant contends that Clark's role in the office provides a basis for her to offer a lay opinion about office morale under Federal Rule of Evidence 701. While the court agrees with defendant on this point, defendant fails to explain how Clark's testimony is *relevant* to the issues in this case. As such, the motion is GRANTED.

### E. MIL No. 5: exclude any testimony that Carne could wrap her male coworkers around her finger

During his deposition Raleigh Jones testified that he told Carne that she could wrap any male coworker around her finger and expressed dismay that she was unable to do so with Daley. Plaintiff seeks to exclude this testimony on the basis that it is irrelevant, lacks foundation, and has the potential of unfair prejudice by painting Carne as a "femme fatale" at WERC.

In his response, defendant does not object to excluding this particular testimony, but objects to exclusion of other evidence about the "nature of relationships between Carne and her male coworkers." (Def.'s Opp'n (dkt. #64) 6.) In particular, defendant seeks to question Carne "about her efforts to get along with other coworkers as compared to her efforts with Daley," because such testimony could demonstrate that Carne was "selected for layoff in whole or in part due to the non-political reason that she and Daley did not get along." (*Id.*)

The court agrees that Carne's relationship (or lack thereof) with Daley, including as compared to her relationship with her other coworkers, male or female, could be relevant to the claims at issue in this case, assuming defendant is now asserting this as an alternative theory of the case. However, the court does not understand this testimony to include

3

speculation about plaintiff's inability to manipulate Daley, or manipulate other workers, based on "feminine charms" or other such characterizations.  As such, while the court will preclude Jones' specific deposition testimony about her being able to wrap her male coworkers, with the exception of Daley, around her finger, the court will not preclude general testimony about Carne's working relationships with Daley and other coworkers.  Accordingly, this motion is GRANTED as unopposed, but without limiting defendant from presenting general testimony or evidence about Carne's working relationships.

### F. MIL No. 6: exclude any evidence or testimony about Carne being intoxicated at a work function

Plaintiff seeks to exclude any evidence or testimony about Carne being intoxicated at a work function, which occurred long before the events at issue in this lawsuit.  Defendant does not oppose this motion.  As such, it is GRANTED as unopposed.

### G. MIL No. 7: exclude any evidence or testimony about Carne's relationship with Dawn Clark at a previous place of employment

Plaintiff seeks to exclude any evidence or testimony about a "personality conflict" between Carne and Dawn Clark when they worked together at a law firm, prior to working at WERC.  Plaintiff contends that this evidence is not material to the issues in this case.

In response, defendant contends that Clark's relationship with Carne overtime, including at their prior place of employment, is relevant because it provides "context" for Clark's testimony that Daley referred to Carne as a "cancer" in the office.  Specifically, Clark will testify that "Carne's attitude changed dramatically over time and that by the time that comment was made, Carne was refusing to speak to or personally associate with

anyone in the office." (Def.'s Opp'n (dkt. #64) 5.)

While Clark's impression of Carne overtime *might* have some arguable relevance in explaining Daley's statement that Carne was a cancer in the office if it had been shared with Daley *before* he made this remark, defendant offers no evidence of such an exchange. Regardless, the court is skeptical that Clark's testimony about Carne's interactions with others needs to extend years prior and to another place of employment. On the contrary, this appears to be highly prejudicial, propensity evidence expressly prohibited by Federal Rule of Evidence 404(a)(1). As such, this motion is GRANTED.

**H. MIL No. 8: exclude any evidence or testimony about a State Bar CLE**

Plaintiff seeks to exclude any evidence or testimony that Carne lied about Daley's attendance at a State Bar conference in the Dells on the basis that it constitutes multiple layers of hearsay. Defendant does not oppose this motion. As such, it is GRANTED as unopposed.

**I. MIL No. 9: exclude any evidence or testimony about alleged complaints of attorneys appearing before Carne at hearings**

Plaintiff seeks to exclude any evidence or testimony that two attorneys raised concerns about how Carne treated them during a hearing. For the reasons provided above with respect to MIL No. 1, this motion is RESERVED.

**J. MIL Nos. 10 and 11: exclude any evidence or testimony about Carne's relationship with Howard Bellman**

In two separate motions, plaintiff seeks to exclude any evidence or testimony about

Carne's relationship with Howard Bellman from the liability phase of trial (MIL No. 10) and from the damages phase of trial (MIL No. 11). Bellman did not work for WERC. As best as the court can discern from defendant's response, there is some evidence that Carne would send Bellman drafts of her opinions for his review. Again, for the reasons provided above with respect to MIL No. 1, the court will RESERVE on whether this evidence is admissible during the liability phase.

As for the damages phase, defendant contends that this evidence may be relevant to any claim that her personal relationships were strained because of defendant's actions. While this strikes the court as quite a stretch, the court needs further context to decide whether the evidence is somehow arguably relevant to plaintiff's damages claim. As such, the court will RESERVE on this motion.

### K. MIL No. 12: exclude any evidence or testimony about Carne's medical history during the liability phase of trial

Plaintiff seeks to exclude any evidence or testimony that Carne has a history of depression and other mental health issues from the liability phase on the basis that this evidence is not relevant. Defendant does not oppose this motion. As such, it is GRANTED as unopposed.

### L. MIL No. 13: exclude any evidence or testimony about Carne's withdrawn administrative proceeding

Plaintiff seeks to exclude any evidence or testimony about the administrative process Carne commenced following her layoff but then withdrew. Defendant does not oppose this motion, but reserves the right to impeach plaintiff at trial with any statement

she made in those proceedings. The court agrees that prior statements may be grounds for proper impeachment, *provided* defendant simply refers to plaintiff's "prior testimony" and the date of that testimony without referring to the testimony being given in an administrative proceeding or otherwise characterizing the nature of the proceeding. As such, this motion is GRANTED as unopposed.

### M. MIL No. 14: exclude any reference to an award of attorney's fees if Carne prevails

Plaintiff seeks to exclude any reference to an award of attorney's fees if Carne prevails. Defendant does not oppose this motion. As such, it is GRANTED as unopposed.

### N. MIL No. 15: preclude defendant from arguing that a large damages verdict will increase taxes or place a strain on state resources

Plaintiff seeks to exclude any argument that the jury could consider the impact of a large damages verdict on taxes and state resources. Defendant does not oppose this motion. As such, it is GRANTED as unopposed.

## II. Defendants' Motions *in Limine* (dkt. #48)

### A. MIL No. 1: bifurcate liability and damages

As set forth in the preliminary pretrial conference order, this motion is generally unnecessary absent at least some indication to the contrary. (1/9/19 PPTC Order (dkt. #8) ¶ 8.) Regardless, the motion is GRANTED as unopposed.

### B. MIL No. 2: allow Randy Pasch to appear by phone or videoconference

Former Commissioner Randy Pasch may be called to testify at trial. Pasch resides

out of state during the winter months. Defendant requests that the court allow him to testify by phone or videoconference. Plaintiff offers no objection to this request.

This motion is GRANTED as unopposed. The court prefers for witnesses to appear via videoconference, if possible. Defendant should coordinate with opposing counsel as to the date and time to schedule such testimony, and should promptly contact the court's IT department to discuss the logistics for having him testify to insure a compatible, robust and reliable connection to the courtroom.

### C. MIL No. 3: exclude any reference to who pays for any judgment

Next, defendant seeks to exclude any reference to the State of Wisconsin indemnifying Daley for any judgment. Plaintiff offers no opposition. As such, this motion is GRANTED as unopposed.

### D. MIL No. 4: exclude any evidence or testimony about Daley's personal details that have no bearing on the claims in this case

Defendant seeks to exclude evidence or testimony concerning personal details about Daley's life, in particular his divorce, because they are not relevant to any issues in this case. Plaintiff offers no opposition. Accordingly, this motion is GRANTED as unopposed.

### E. MIL No. 5: exclude any reference to claims dismissed on summary judgment

Defendant seeks to exclude any reference to claims dismissed at summary judgment. In particular, defendant seeks to exclude reference to her political speech claim -- and in particular, the Act 150 memo at the center of that claim -- on the basis that this evidence

is not relevant, and even if marginally relevant, the risk of prejudice or jury confusion outweighs its relevant. This is the one motion plaintiff opposes, and for what appears to be good reason. Indeed, plaintiff persuasively argues that "[r]egardless of whether the Act 150 was protected speech, it is relevant to Defendant Daley's perception of Plaintiff Carne as being affiliated with a liberal, or Democratic political person," and that, in particular, "[g]iven the intense political scrutiny [the memo] created for the Walter Administration, the Act 150 memo is certainly relevant to Defendant Daley's perception of . . . Carne." (Pl.'s Opp'n (dkt. #66).)

The court is inclined to agree with plaintiff that the jury may reasonably find the memo relevant to her political affiliation discrimination claim. However, the court will RESERVE ruling pending further argument by the parties at the final pretrial conference. In addition to hearing argument on the admissibility of the memo, the court would also like the parties to consider appropriate limits to its use if admitted, as well as an instruction informing the jury that they should not consider the memo itself to be protected political speech.

### F. MIL No. 6: preclude Jim Scott from offering testimony that Daley had a problem with professional women

Defendant seeks to exclude former Commissioner Jim Scott from offering testimony about his perception that Daley had a problem with professional women on the basis that such evidence is not relevant in light of the court's summary judgment opinion granting judgment in defendant's favor on plaintiff's sex discrimination claim, and that even if relevant, it should be excluded under Rule 403. Plaintiff offers no opposition. As such,

9

this motion is GRANTED as unopposed.

ORDER

IT IS ORDERED that:

1) Plaintiff Danielle Carne's motions *in limine* (dkt. #54) are GRANTED IN PART AND RESERVED IN PART as set forth above.

2) Defendant James J. Daley's motions *in limine* (dkt. #48) are GRANTED IN PART AND RESERVED IN PART as set forth above.

Entered this 22nd day of January, 2020.

BY THE COURT:


/s/
_____
WILLIAM M. CONLEY
District Judge